UNITED STATES of America,
Appellee,

v.

Kenneth SCHLUETER, Defendant–
Appellant.

No. 08–0184–cr.

United States Court of Appeals,
Second Circuit.

May 2, 2008.

Bruce R. Bryan, Syracuse, NY, for Defendant–Appellant.

Amie N. Ely, Assistant United States Attorney (Celeste L. Koeleveld, Assistant United States Attorney, of counsel; Michael J. Garcia, United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI, Circuit Judges, Hon. SIDNEY H. STEIN,* District Judge.

* The Honorable Sidney H. Stein, United States     District Judge for the Southern District of

## SUMMARY ORDER

Defendant–Appellant Kenneth Schlueter appeals from an order of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge* ) entered on January 9, 2008 finding Schlueter to be suffering from a mental disease or defect rendering him mentally incompetent to stand trial and committing him to the custody of the United States Attorney General for hospitalization for treatment in a suitable facility for a period not to exceed four months. We assume the parties' familiarity with the balance of the facts, procedural history, and issues on appeal. For the reasons that follow, we affirm the order of the District Court and dismiss Schlueter's pending motion for a stay.

In March 2007, Schlueter was charged in an indictment with two counts of having threatened to murder and otherwise harm federal law enforcement officers in violation of 18 U.S.C. § 115(a)(1)(B). On January 8, 2008, the District Court held a hearing pursuant to 18 U.S.C. §§ 4241, 4247(d) to determine whether Schlueter was competent to stand trial on these charges. A criminal defendant is not competent to stand trial if "the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d); *see also Drope v. Missouri,* 420 U.S. 162, 171, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975) ("[A] person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to

consult with counsel, and to assist in preparing his defense may not be subjected to a trial."); *Dusky v. United States,* 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam) ("[T]he test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." (internal quotation marks omitted)).

At the hearing, the government presented the expert testimony of Dr. Cynthia A. Low, a forensic psychologist. Dr. Low testified that Schlueter suffered from schizoaffective disorder, bipolar type. In Dr. Low's opinion, Schlueter was able to understand the proceedings against him. However, Dr. Low further opined, citing Schlueter's manic symptoms, pressured speech, tangentiality, irritability, and anger, that his disorder rendered him incapable of assisting properly in his defense. During the hearing, Schlueter exhibited this pressured speech and provided a loud, running commentary to Judge Hellerstein. Schlueter attempted to intervene in the cross-examination of Dr. Low being conducted by his counsel at the hearing, Roger L. Stavis, and after being ordered to keep quiet, he gave Stavis notes. Schlueter continued to interact with his counsel during the cross-examination, prompting the District Court to advise him that his counsel did not have to ask every question Schlueter suggested. Schlueter snapped at the District Court and refused to be quiet. Schlueter was ordered removed from the courtroom and placed in a nearby cell,[1] where he was verbally and physically aggressive. From the cell, he shouted continually for nearly two hours.

New York, sitting by designation.

1. On appeal, Schlueter does not challenge any aspect of his removal and the subsequent arrangements for him to follow the proceedings by video and then audio transmission.

Stavis, Schlueter's counsel at the hearing, informed the District Court that Schlueter "would want to testify" but that, as counsel, he was overriding that decision in the belief that Schlueter's "competency has been called into question" and his professional opinion was that Schlueter's testimony "would undermine our defense position." Over the government's objection that Schlueter should be allowed to testify or, in the alternative, be found to have waived that right based on the conduct that resulted in his removal from the courtroom, the District Court accepted Stavis's position and closed the hearing without Schlueter's testimony.

At the conclusion of the hearing, the District Court stated its agreement with Dr. Low's opinions and found that Schlueter suffered from "a schizoaffective disorder of a bipolar type which makes him unable to participate properly in his defense." The District Court then entered an order to this effect, committed Schlueter to the Attorney General's custody, and stayed the order for ten days. This appeal timely followed.

Schlueter raises two challenges to the District Court's order. First, Schlueter argues that the District Court's determination that he was mentally incompetent to stand trial was clearly erroneous. Second, Schlueter argues that his Sixth Amendment right to the effective assistance of counsel was violated by his counsel's refusal to let him testify.

## I. The District Court's Finding Was Not Clearly Erroneous

■ "In making a determination of competency, the district court may rely on a number of factors, including medical opinion and the court's observation of the defendant's comportment." *United States v. Nichols,* 56 F.3d 403, 411 (2d Cir.1995); *United States v. Hemsi,* 901 F.2d 293, 295 (2d Cir.1990) ("In making its assessment, the court may take account of a number of factors, including the defendant's comportment in the courtroom.").

"The question of a defendant's competence to stand trial is one of fact, and the district court's finding as to competence may not be overturned unless it is clearly erroneous." *United States v. Gold,* 790 F.2d 235, 239 (2d Cir.1986) (citations omitted). "Under this highly deferential standard, where there are two permissible views of the evidence as to competency, the court's choice between them cannot be deemed clearly erroneous." *United States v. Gigante,* 166 F.3d 75, 83–84 (2d Cir. 1999) (internal quotation marks omitted), *cert. denied,* 528 U.S. 1114, 120 S.Ct. 931, 145 L.Ed.2d 811 (2000).

Schlueter argues that the record demonstrates that he is intelligent and that he actually did assist in his defense. In Schlueter's view, the evidence supports only the conclusion that he *refused* to assist in his defense, not that he was incapable of doing so. Schlueter further argues that if he were to become disruptive at trial, the court could take appropriate measures to stop the disruption.

The District Court's determination that Schlueter was not competent to stand trial because he suffered from a mental disease that rendered him unable—and not merely unwilling—to assist properly in his defense was not clearly erroneous. The District Court agreed that Schlueter "is highly intelligent" and recognized the assistance Schlueter sometimes gave his counsel. Nevertheless, the record amply supports the District Court's finding that Schlueter's schizoaffective disorder significantly impaired his ability to assist properly in his defense and that this was not the product of mere stubbornness. The testimony of the government's expert, Dr. Low, fully supported the District Court's finding and

no contradictory expert testimony was offered. Schlueter's own behavior before the District Court provides additional support for the court's finding that at certain points "something cracks in him and he loses that ability to communicate and loses that ability to listen as well." The District Court's authority to maintain decorum in the face of disruptive behavior, see *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970), raises an issue altogether different from the question of Schlueter's capacity to assist properly in his defense. The District Court's finding on this question was not clearly erroneous.

## II. Schlueter Was Not Deprived of His Sixth Amendment Right to Counsel

■ We have held that a competency hearing is a critical event in a criminal prosecution to which the Sixth Amendment right to counsel applies. *See United States v. Purnett*, 910 F.2d 51, 55 (2d Cir.1990). Schlueter argues that his counsel rendered ineffective assistance by preventing him from testifying at the competency hearing, specifically, by waiving his right to testify. We note that Schlueter challenges this waiver only on Sixth Amendment grounds. This argument is unavailing because Schlueter has not shown that counsel's conduct was prejudicial.

By statute, a defendant at a competency hearing "shall be afforded an opportunity to testify." *See* 18 U.S.C. §§ 4241(c), 4247(d). In addition, the Constitution affords a criminal defendant the right to testify at trial. *See Rock v. Arkansas*, 483 U.S. 44, 49–53, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). We have held that the decision whether to testify at trial is a "personal" right that belongs to the defendant. *See Brown v. Artuz*, 124 F.3d 73, 76–78 (2d Cir.1997). Schlueter contends that the "statutory provision embodies the constitu-

tional right," and so we analyze his claim only in terms of the asserted constitutional right.

For present purposes, we may assume without deciding that Schlueter's right to testify at his competency hearing is tantamount to his right to testify at trial. *See United States v. Hamilton*, 107 F.3d 499, 506–08 (7th Cir.) (assuming *arguendo* that use of telephonic testimony at competency hearing violated Sixth Amendment right to confrontation in concluding that any error was harmless), *cert. denied*, 521 U.S. 1127, 117 S.Ct. 2528, 138 L.Ed.2d 1028 (1997). A claim that defense counsel overrode "the defendant's desire to testify ... must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for assessing whether counsel has rendered constitutionally ineffective assistance." *Brown*, 124 F.3d at 79.

We need not resolve the issue of whether counsel's performance was constitutionally defective because, even if we were to find that counsel plainly erred in himself waiving Schlueter's right to testify at the competency hearing, Schlueter has not satisfied *Strickland*'s prejudice prong. *See Farrington v. Senkowski*, 214 F.3d 237, 242 (2d Cir.2000). To establish prejudice, Schlueter "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

Schlueter argues that he wanted to testify to demonstrate his competence. Specifically, Schlueter contends that had he been allowed to testify he would have demonstrated his control over his behavior and his ability to assist in his defense. Schlueter notes that he became disruptive

only once the District Court informed him that his counsel did not have to ask every question Schlueter suggested and directed him to be quiet.

Even if Schlueter had testified and in testifying had demonstrated at that moment a capacity to assist in his defense, however, there is no reasonable probability that the District Court would have found him competent to stand trial. The District Court, as noted, found that Schlueter "is highly intelligent" and further recognized that Schlueter at times gave his counsel assistance. Schlueter's proposed testimony would have added very little to what the District Court had already observed. Indeed, Schlueter argues merely that he had " 'nothing to lose' by taking the witness stand." Nor would Schlueter's proposed testimony have undermined Dr. Low's expert opinion. The record supporting the District Court's determination is so overwhelming that we are confident that the result would not have been different had Schlueter testified. Accordingly, Schlueter was not deprived of the effective assistance of counsel.

The order of the District Court is AFFIRMED.

In light of this holding, we DISMISS, as moot, Schlueter's motion for a stay pending appeal of that portion of the District Court's order authorizing treatment. We note, however, that Schlueter may seek appropriate relief in the District Court. The mandate shall issue forthwith.